UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BASALITE CONCRETE PRODUCTS, LLC, and PACIFIC COAST BUILDING PRODUCTS, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and CHARTIS SPECIALTY INSURANCE COMPANY,<br><br>　　　　Defendants.<br>_____/ | NO. CIV. 2:12-02814 WBS EFB<br><br><u>ORDER RE: MOTION TO DISMISS</u> |

----oo0oo----

　　　　Plaintiffs Basalite Concrete Products, LLC and Pacific Coast Building Products, Inc. brought suit against defendants National Union Fire Insurance Company of Pittsburgh, PA and Chartis Specialty Insurance Company alleging breach of the duty to defend in an underlying lawsuit brought by Keystone Retaining Wall Systems against plaintiffs (the "Keystone Matter"). Defendants move to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief

1

1 can be granted.

2       Under California law, a "'liability insurer owes a
3 broad duty to defend its insured against claims that create a
4 potential for indemnity . . . . [T]he carrier must defend a suit
5 which <u>potentially</u> seeks damages within the coverage of the
6 policy.'" <u>Hudson Ins. Co. v. Colony Ins. Co.</u>, 624 F.3d 1264,
7 1267 (9th Cir. 2010) (quoting <u>Montrose Chem. Corp. of Cal. v.</u>
8 <u>Superior Court</u>, 6 Cal. 4th 287, 295 (1993)) (alterations in
9 original).  The duty to defend, however, is not unlimited, but
10 rather "is measured by the nature and kinds of risks covered by
11 the policy." <u>Waller v. Truck Ins. Exch., Inc.</u>, 11 Cal. 4th 1, 19
12 (1993).

13       Here, the policies issued by defendants ("Policies")
14 provide that defendants will defend the insured against any suits
15 seeking damages for "personal or advertising injury."  (Compl.
16 Ex. A at 7-8, Ex. B at 14.)  "Personal or advertising injury" is
17 defined, in relevant part, as "the use of another's advertising
18 idea <u>in [the insured's] advertisement</u>," or "infringing upon
19 another's copyright, trade dress, or slogan <u>in [the insured's]</u>
20 <u>advertisement</u>."  (<u>Id.</u> Ex. A. at 41, Ex. B at 13) (emphasis
21 added).  "Advertisement" is defined as "a notice that is
22 broadcast or published to the general public or a specific market
23 segment about [the insured's] goods, products, or services for
24 the purpose of attracting customers or supporters."  (<u>Id.</u> Ex. A
25 at 35, Ex. B at 11.)

26       In their Complaint, plaintiffs do not adequately allege
27 that the pleadings in the underlying Keystone Matter included
28 allegations relating to advertisements.  Along with their

2

1  opposition brief, plaintiffs submitted materials containing
2  Keystone's slogans and copyrights which plaintiffs supposedly
3  distributed after a licensing agreement between plaintiffs and
4  Keystone ended.  (Caufield Decl. Exs. A-C (Docket No. 17).)
5  Plaintiffs argue that these materials show that the facts
6  underlying the Keystone Matter could have raised potential claims
7  for copyright and slogan infringement in an advertisement.
8  (Pls.' Opp. at 15, 17, 19 (Docket No. 16).)  While an "insurer
9  must furnish a defense when it learns of facts from any source
10 that create the potential of liability under its policy," CNA
11 Cas. of Cal. v. Seaboard Sur. Co., 176 Cal. App. 3d 598, 606 (1st
12 Dist. 1986), plaintiffs do not allege that when tendering their
13 defense they ever submitted these materials to defendants, or
14 that defendants had learned of such materials from any other
15 source.  Plaintiffs thus fail to allege how defendants knew of
16 these materials at the time of tender.
17         Judged by the standard of Ashcroft v. Iqbal, 556 U.S.
18 662 (2009) the Complaint does not allege a plausible basis to
19 conclude that defendants had a duty to defend based on a
20 potential claim for personal or advertising injury.
21         The Policies also provide that defendants will defend
22 the insured against any suit seeking damages for "property
23 damage."  (Compl. Ex. A at 1, Ex. B at 1.)  "Property damage" is
24 defined as "physical injury to tangible property" or "loss of use
25 of tangible property that is not physically injured."  (Id. Ex. A
26 at 42, Ex. B at 13.)  The property damage, however, must be
27 caused by an "occurrence," which is defined as an "accident,
28 including continuous or repeated exposure to substantially the

3

same general harmful conditions." (<u>Id.</u> Ex. A at 40, Ex. B at 13.)

   Here, plaintiffs fail to allege how the underlying Keystone Matter involved property damage due to an occurrence. If any facts, even though absent from the pleadings in the Keystone Matter, could have givne rise to a potential claim for property damage, plaintiffs fail to allege how defendants knew of those facts at the time plaintiffs tendered a defense. The Complaint therefore does not sufficiently allege that defendants had a duty to defend based on a potential claim for property damage.

   Accordingly, since plaintiffs fail to adequately allege defendants' duty to defend in the Keystone Matter, plaintiffs' claim for declaratory relief will be dismissed. Furthermore, because no duty to defend under the Policies has been pled, plaintiffs' claims for breach of contract and bad faith breach of the covenant of good faith and fair dealing will also be dismissed. <u>See</u> <u>Rosen v. Nations Title Ins. Co.</u>, 56 Cal. App. 4th 1489, 1496 (2d Dist. 1997).

   IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, GRANTED.

   Plaintiffs have twenty days from the date of this Order to file an amended complaint, if they can do so consistent with this Order.

DATED: February 12, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE